124 A.2d 553 (1956)
DELAWARE CHEMICALS, Inc., a corporation of the State of Delaware, Plaintiff,
v.
REICHHOLD CHEMICALS, Inc., a corporation of the State of Delaware, Defendant.
Court of Chancery of Delaware, New Castle.
July 12, 1956.
Howard L. Williams and Edmund D. Lyons, of Morris, James, Hitchens & Williams, Wilmington, for plaintiff.
James R. Morford, of Morford & Bennethum, Wilmington, Albert G. Goetz, of Goetz & Goetz, Detroit, Mich., and Harry C. Bierman, New York City, for defendant.
SEITZ, Chancellor.
On October 27, 1950, plaintiff and defendant executed a contract by which plaintiff agreed to disclose to defendant upon certain terms and conditions its alleged secret process for manufacturing and producing Pentaerythritol ("penta"). Subsequently, defendant terminated the contract pursuant to its provisions. Thereafter, allegedly by use of plaintiff's disclosed secret process or some process derived therefrom the defendant commenced itself to manufacture and sell penta. Plaintiff brought *554 this action to enjoin defendant from using its process and for damages.
In its complaint plaintiff alleges that it possessed a secret process which it disclosed to defendant. Defendant denies that plaintiff had or disclosed a valuable secret process to it, saying in effect that what plaintiff disclosed to it was information already well known in the field. Defendant contends that the process presently used by it in manufacturing penta is a secret one which it developed after termination of the contract with plaintiff and without reliance upon any so-called secret information disclosed by plaintiff under the terms of the contract.
On March 31, 1955, defendant filed interrogatories one of which required the plaintiff to describe the secret process which it allegedly possessed and disclosed to defendant. On April 12, 1955, plaintiff filed interrogatories one of which required defendant to describe the secret process which it claims it developed after termination of the contract and which is now used by it in manufacturing penta. Each side objected to disclosure of its alleged secret process and the court at oral argument indicated that the interrogatories in question should be answered but the answers not disclosed at that time. The sealed answers were filed October 1, 1955, and deposited in a safe deposit box subject to examination only upon order of this court.
On March 26, 1956, pursuant to an opinion filed February 7, 1956, an order was entered denying defendant's motion to dismiss the complaint. See Delaware Chemicals, Inc., v. Reichhold Chemicals, Inc., Del.Ch., 121 A.2d 913. On June 1, 1956, plaintiff filed a motion seeking an order authorizing it to inspect, inter alia, defendant's answer to the interrogatory concerning its secret process. A few days thereafter the defendant made a similar motion with respect to plaintiff's answer. Shortly before the matter was to be argued the defendant filed another motion pursuant to Chancery Court Rule 42(b), Del.C.Ann. seeking a separate trial on the following issues:
"Did plaintiff on October 27, 1950 have, and, pursuant to the contract of that date (Exhibit `A' to the Complaint), disclose to the defendant a commercial process for the manufacture of pentaerythritol?"
In support of this motion defendant filed the affidavit of one of its counsel stating that defendant would be greatly prejudiced by the disclosure of its trade secret before plaintiff has demonstrated that it had a valuable trade secret which it disclosed to defendant pursuant to the terms of the contract. This is so, says defendant's counsel, because defendant has since the termination of the contract with plaintiff on December 29, 1950, developed its own valuable secret process for the manufacture of penta. When it apparently appeared to defendant's counsel at oral argument that defendant's alleged secret process would be relevant evidence on the issue as to whether plaintiff had made a disclosure of its process to defendant, he orally suggested that the separate trial might be limited to a determination as to whether plaintiff had a commercial process for the manufacture of penta at the contract date, leaving the disclosure issue for subsequent decision, if necessary.
Since it has a direct bearing on the other motions, I first consider defendant's motion for trial of the separate issue as to whether plaintiff possessed a commercial process for the manufacture of penta in October 1950. I state the issue as posed by defendant without indicating whether I agree with the correctness of its formulation. Since plaintiff must prove its possession of the secret process in October 1950 as one step to success in this litigation (Ellis, Trade Secrets, § 241), it might appear desirable at first blush to try that issue separately. This would avoid the necessity of requiring defendant to disclose its alleged secret process in the event the separate issue was decided against plaintiff. *555 However, the difficulty with such a limited trial can be readily visualized when you realize that plaintiff's secret process was apparently not turned over to defendant in the form of a written description such as is now found in plaintiff's answer. Rather, we may expect plaintiff's proof to be in part at least testimony as to what plaintiff's agents told defendant's agents concerning various aspects of the process. Such testimony would immediately impinge on the issue as to whether plaintiff fully disclosed its process to defendant. The testimony concerning the two issues are inextricably bound together even though the description of plaintiff's process is verbally isolated in the answer to the interrogatory.
Experience has demonstrated that the use of the "trial of a separate issue" device should be used sparingly unless the testimony pertinent to the separate issue can be readily adduced without spreading out over the other issues. I believe the nature of this case and the supporting testimony render a trial of such narrow compass highly unlikely. Moreover, if plaintiff were successful, there is a real possibility of substantial duplication of testimony in connection with the disposition of the other issues. Finally, I might point out that this case has been pending for almost seventeen months and the parties are still far from the completion of their discovery on plaintiff's right to relief, leaving aside the accounting aspect of the case. Although defendant is entitled to fair consideration, it is apparent that this case could drag on for years if this trial is further fragmented.
For the foregoing reasons, as well as those hereafter noted in connection with the motions for leave to inspect the answers, I conclude that the motion for the trial of the separate issue suggested should be denied.
I next consider the motions of the parties to inspect each other's answers to interrogatories.
Plaintiff concedes that defendant's motion to inspect its answer concerning its process should be granted subject to reasonable safeguards against unnecessary disclosure. Defendant's motion will therefore be granted on those terms.
Plaintiff's motion to inspect defendant's answer describing its process is resisted by defendant. The defendant's principal ground for objection falls with the denial of its motion for the trial of the separate issue posed. However, considering that defendant objects in any event to disclosure at this stage, should plaintiff be permitted  at the discovery stage  to see defendant's alleged trade secret.
There is no doubt that defendant's alleged secret process is relevant and material at least to the issues as to whether plaintiff disclosed its process to defendant and whether defendant is using plaintiff's process. It is also important here to note that defendant contracted to receive from plaintiff a so-called secret process for manufacturing penta. There was admittedly a disclosure of some nature to defendant. Thereafter defendant terminated the Agreement by a letter which gave certain specific reasons for so doing. However, it did not give as a specific reason one of its principal defenses in this action, viz., that plaintiff did not disclose a valuable secret process. Subsequently, the defendant commenced to manufacture penta on a commercial basis and claims that its process was formulated after termination of its contract with plaintiff. Plaintiff, in my opinion, has established a sufficient prima facie case to entitle it to examine defendant's process at this time.
It should be noted that we are not here concerned with a case where the plaintiff claims that defendant improperly acquired plaintiff's secret. In such cases a stronger prima facie showing by the plaintiff should be required before the defendant is compelled *556 to disclose its secret process because of the greater possibility of abuse.
I conclude that plaintiff has made out a sufficient case to entitle it to inspect defendant's alleged secret process at this stage, subject to safeguards against unnecessary disclosure. See 17 A.L.R.2d 383.
If the parties cannot agree on a form of order to implement this opinion, counsel may submit proposed forms of order (unless they have already done so) and the court will resolve the matter.
Order on notice.