DELAWARE CHEMICALS, INC., a corporation of the State of Delaware,
Plaintiff,

*vs.*

REICHHOLD CHEMICALS, INC., a corporation of the State
of Delaware,
Defendant.

*New Castle, December 3, 1956.*

*Edmund D. Lyons,* of Morris, James, Hitchens & Williams, Wilmington, for plaintiff.

*James R. Morford,* of Morford & Bennethum, Wilmington, *Albert G. Goetz,* of Goetz and Goetz, Detroit, Mich., and *Harry C. Bierman,* New York City, for defendant.

SEITZ, Chancellor: This Court recently ruled that, subject to reasonable safeguards, each party is entitled to see the other's answers to interrogatories requesting a description of their secret process for making Penta. See *Delaware Chemicals, Inc. v. Reichhold Chemicals, Inc., ante p.* 8, 124 *A.2d* 553; see also *Delaware Chemicals, Inc. v. Reichhold Chemicals, Inc.,* 35 *Del.Ch.* 493, 121 *A.2d* 913. The parties are now in disagreement as to the type of safeguards to be contained

in the order to be entered in connection with that ruling. This is the decision thereon.

Defendant's proposed order as modified at oral argument differs from plaintiff's in the following major aspects:

1. It would require a penal bond without surety from the parties to the action.

2. It would prohibit either party from utilizing the other's process except to the extent it was using the same or any part thereof prior to a reading of the opponent's answer.

3. It would provide for the appointment by the Court of an expert who, upon application, would make inspections of the plants of the parties to ascertain whether the prohibited part of the disclosed process was being used by the "other" party.

As to the defendant's first request, I cannot see how the requirement that the parties give a penal bond without security would serve any useful purpose. Defendant suggests that it would have a psychological effect. I think this benefit too ethereal to justify such a requirement here. Bond or no bond, it would be necessary to show a violation of the order before liability would be created. Even if such liability were shown, the bond would serve no security purpose because it is solely that of the signer. There would be no surety. A bond will not be required.

The second difference between plaintiff's and defendant's proposed order is the most important one. It deals with the type of provision to be inserted to protect each party from the improper use or disclosure of the secret process by the other party. A little background is in order.

By its answer to the interrogatory which defendant desires to see, the plaintiff was compelled to describe the process which it contends it disclosed to defendant pursuant to the contract (description as of October 27, 1950). In contrast, by its answer to the interrogatory which plaintiff desires to see, the defendant was compelled to describe the process which it claims in its answer it developed after termination of the contract with plaintiff (description as of February 24, 1955).

At the reargument of this particular matter plaintiff clarified the scope of its present request to examine defendant's described process. Plaintiff now seeks to have defendant's process disclosed only to plaintiff's attorneys and one identified expert witness. Plaintiff further agrees that its attorneys and expert witness may be enjoined from disclosing such process to any one, including plaintiff. The foregoing is subject to the condition that plaintiff is free in the future to apply to the Court on notice for authority to make a broader disclosure and at that time the Court will decide the terms and conditions, if any, upon which disclosure may be made. The suggested present limitation on disclosure applies to the discovery and trial stages, as well as later.

Defendant affirmatively states that it has no ground to charge bad faith or to reflect adversely upon the ability of plaintiff's attorneys and expert to abide by the injunction. Defendant also concedes that the imposition of such a condition will not prejudice defendant in its presentation of its defenses.

I emphasize that under the terms of disclosure as now proposed plaintiff's attorneys and expert will not be permitted to discuss defendant's disclosed process with plaintiff's agents. However, plaintiff has specifically proposed and agreed to be bound by this limitation, at least for the present. Although this approach may be merely "putting off" the day when the Court will have to consider the conditions under which a broader disclosure may be made, nevertheless, the Court will adopt the proposed disclosure terms suggested by plaintiff. They seem reasonable under the circumstances and no objection on the merits has been made by defendant.

We now come to a consideration of limitations which plaintiff contends should be imposed upon defendant. Plaintiff urges that defendant should be prohibited without qualification from using or disclosing any of plaintiff's process unless known to defendant prior to plaintiff's alleged disclosure to defendant in 1950. Plaintiff argues that this is justified on the ground that it disclosed its trade secret to defendant in trust and confidence and defendant, having terminated the contract, may not use information so obtained.

■ The answer to plaintiff's request for a blanket restriction on defendant is that it assumes that plaintiff will win on the merits. Needless to say, anything smacking of a pre-judgment here is undesirable. If plaintiff is successful it will be entitled to an accounting and there is no reason why it would not cover the future. Consequently, even if defendant is wrongfully using plaintiff's process, plaintiff will be protected. I conclude that the defendant should not be prohibited from continuing to use its present process. However, pending final decision defendant will not be permitted to disclose to "outsiders" any information concerning its process. I recognize that this is stringent but in view of the contract and practical enforcement difficulties I think it reasonable at this stage. If plaintiff's disclosed process differs materially from defendant's, the defendant will also be enjoined from using or disclosing that process.

■ Finally, I consider the third major difference between the parties. Defendant suggests the appointment of an expert to examine the plants, upon application, to ascertain whether or not the terms and conditions of the discovery have been violated. I do not believe this matter need be given serious consideration at this time in view of the fact that plaintiff will not have knowledge of defendant's alleged "new" process and defendant is being permitted to continue to use its present process. An expert will not be appointed.

The parties will be permitted to examine the answers upon acceptance of the terms and conditions herein set forth.

Order on notice.